NO. 07-04-0027-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 8, 2004

_____

GERALD BARROW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 29,237-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Gerald Barrow, an inmate proceeding *pro se*, filed a purported notice of

appeal on January 22, 2004, seeking review of his conviction for delivery of a controlled

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.

substance.  He asserts he was convicted in 1989 or 1990.  We dismiss for want of jurisdiction.

A defendant must file a written notice of appeal with the trial court clerk within the deadlines provided in Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure.  The rules provide for a 15 day extension in which to file the notice if a motion for extension of time in compliance with Rule 10.5(b)(2) is filed in this Court.  Tex. R. App. P. 26.3(b).  The Court is without jurisdiction to address the merits of an appeal and can take no action other than to dismiss the appeal if an appeal is not timely perfected.  *See* Slaton v. State, 981 S.W.2d 208, 210 (Tex.Cr.App. 1998).  Appellant's purported notice of appeal by which he challenges a 15 year old conviction is untimely and does not invoke our jurisdiction.

Accordingly, the purported appeal is dismissed for want of jurisdiction.[2]

Don H. Reavis
Justice

---

[2]Appellant may have recourse by filing a post-conviction writ of habeas corpus with the clerk of the court in which the conviction was obtained and be returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal.  *See* Tex. Code Crim. Proc. Ann. art 11.07 (Vernon Supp. 2004).